United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Spimerica Access Solutions, LLC, Plaintiff, <br><br> v. <br><br> Palazzani Industrie, S.P.A., Spider Atlantic Corp., Davide Palazzani, Paola Palazzani, Francesco Zola, Cristian Marchina, and Benjamin Lee Taft, Defendants, <br><br> and <br><br> Derek Koontz, Francisco Nicasio, and Desmond Venter, Nominal Defendants. | Civil Action No. 23-23222-Civ-Scola |

### Order Denying the Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction

This matter is before the Court upon the Plaintiff Spimerica Access Solutions, LLC's ("Spimerica") emergency motion for a temporary restraining order and preliminary injunction. (Emerg. Mot., ECF No. 11.) Spimerica seeks entry of an order granting its emergency motion for entry of a temporary restraining order and preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 7.1, against the Defendants Palazzani Industrie, S.P.A., Spider Atlantic Corp., Davide Palazzani, Paola Palazzani, Francesco Zola, Cristian Marchina, and Benjamin Lee Taft (collectively, the "Defendants"). Because Spimerica's motion is deficient for multiple reasons, discussed below, the Court **denies** the motion, without prejudice. (**Emerg. Mot., ECF No. 11**.)

To begin, the motion fails to comply with the requirements of Southern District of Florida Local Rule 7.1(d)(1) in several ways. Local Rule 7.1(d)(1) specifies, in relevant part, that a party "requesting emergency action must include the words 'Emergency Motion' in the title of the motion *and* must set forth *in detail* the nature of the emergency, the date by which a ruling is necessary, *and* the reason the ruling is needed by the stated date." S.D. Fla. L.R. 7.1(d)(1) (emphases added). Spimerica complied with only the first of these requirements. The motion does not set forth the date by which a ruling is

needed and, accordingly, also fails to provide any justification for why a ruling is needed by a particular date. In addition, though Spimerica states that it recognizes the "true emergency" requirement under Local Rule 7.1(d)(1), it fails to set forth in detail the nature of the purported emergency. Thus, while Spimerica certifies that the Court would not be able to provide meaningful relief after the expiration of seven days, it provides no information as to what event(s) it anticipates will unfold over the next couple of days to make this a true statement.

Instead, Spimerica summarizes the emergency at issue as arising from the Defendants' failure to respond to its "cease and desist" letter demanding that they not take the actions that are the subject of the requested injunction. But Spimerica provides no clarity as to what actions it believes the Defendants will take that would moot any injunctive relief not issued within seven days. *See* S.D. Fla. L.R. 7.1(d)(1) ("Generally, unless a motion will become moot if not ruled on within seven (7) days, the motion should not be filed as an emergency motion."). To the contrary, the Court's review of the materials in this case reveals that the Defendant's alleged scheme has been unfolding for some time, and that Spimerica has known about it since at least August 2, 2023 (*see* Compl. ¶ 95, ECF No. 1), thus undermining the latter's claim that this is a true emergency. To the contrary, a review of the relevant case law in this District reveals that

> [b]ona fide emergencies involve the health and safety of individuals, the impending departure of a witness with no plans to return to the jurisdiction, the imminent destruction of a building or other property, the imminent deportation of an individual to another country, the need to give critical medical treatment to a patient in a hospital, the threatened loss of civil rights, the *immediate*, threatened loss of *an entire* business, or when someone is at risk of being denied an essential service.

*Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-cv-24277, 2016 WL 7469993, at *3 (S.D. Fla. Apr. 13, 2016) (Martinez, J.) (emphases added). In short, Spimerica's concerns surrounding the Defendants' ongoing efforts to establish a new competing business, alone, are insufficient to qualify as an emergency. If they did, practically all commercial disputes involving newly competing entities would as well.

Perhaps more importantly, though Spimerica seeks to enjoin the conduct of all the Defendants, the Court's review of the docket in this case reveals that none of the Defendants have appeared and that only Spider Atlantic Corp. and Benjamin Lee Taft have been served. (*See* ECF Nos. 8, 10.) Spimerica moves for both a temporary restraining order and a preliminary injunction pursuant to

Federal Rule of Civil Procedure 65. (Emerg. Mot., ECF No. 11.) But Rule 65(a)(1) specifies that "[t]he court may issue a preliminary injunction *only on notice to* the adverse party." Fed. R. Civ. Pro. 65(a)(1) (emphasis added). Presumably, Spimerica seeks a temporary restraining order while it finalizes service on the outstanding Defendants. *See, e.g.*, *Idoc Holdings, Inc. v. Goethals*, No. 21-cv-21540-BLOOM/Otazo-Reyes, 2021 U.S. Dist. LEXIS 78231, at *3-4 (S.D. Fla. Apr. 23, 2021) (Bloom, J.) (motion for preliminary injunction premature where record did not indicate that service had been perfected on the defendant). But Spimerica does not explain any of this in its motion, and it wholly fails to address why the Court should enter the requested injunction without input from the Defendants.

Moreover, Rule 65(b)(1) provides that a court may *only* issue a temporary restraining order without notice to the adverse party or its attorney if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Though Spimerica has filed a verified complaint, the complaint does not provide *specific* facts clearly showing that it will suffer *immediate*, irreparable harm if the requested injunction is not issued before the Defendants can be heard. Indeed, while Spimerca alleges, for example, that absent injunctive relief, it will suffer "loss of goodwill and reputation, its customer base, and distribution channels, and . . . a total loss of its business as the exclusive North American distributor of Palazzani products," it does not explain why that harm will be immediate, such that the Court should forego any input from the Defendants. (*See* Compl. ¶ 146, ECF No. 1.) Indeed, the closest Spimerica comes to meeting the requirements of Rule 65 in this regard is with a certification of notice filed in support of its motion. (*See* R. 65 Notice, ECF No. 17.) However, that submission also fails to include any explanation for why notice should not be required in this case. (*See generally id.*)

In conclusion, for the reasons stated above, the Court **denies** Spimerica's emergency motion for a temporary restraining order and preliminary injunction, albeit without prejudice. (**Emerg. Mot., ECF No. 11**.) Should Spimerica renew its motion, it must ensure to comply with the requirements of the Local Rules and Federal Rule of Civil Procedure 65. To this end, Spimerica's counsel is cautioned not to file any additional "emergency" motion unless the matter at issue constitutes a true emergency and they are ready to set forth in detail why that is the case.

**Done and ordered** in Miami, Florida, on September 5, 2023.

‌_____
Robert N. Scola, Jr.
United States District Judge