United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Spimerica Access Solutions, LLC, Plaintiff,<br><br>v.<br><br>Palazzani Industrie, S.P.A., and others, Defendants. | )<br>)<br>)<br>)   Civil Action No. 23-23222-Civ-Scola<br>)<br>)<br>)<br>) |

## Order Requiring Amended Complaint

  This matter is before the Court on an independent review of the record. "As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005). Upon review of the complaint, the Court is not certain whether it should exercise subject matter jurisdiction over this entire action because the Plaintiff Spimerica Access Solutions, LLC ("Spimerica") has failed to properly plead diversity.

  Spimerica invokes the Court's subject matter jurisdiction on three separate grounds. First, it alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C § 1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds $75,000. (*See* Am. Compl. ¶ 20, ECF No. 41.) Next, Spimerica alleges that the Court has original jurisdiction pursuant to 8 U.S.C. § 1331 because this case involves federal claims under, *inter alia*, the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.* (*Id.* ¶ 21.) Finally, Spimerica alleges that the Court has supplemental jurisdiction over Spimerica's state law claims pursuant to 28 U.S.C. § 1367 because those claims are related to its federal claims and form part of the same case and controversy, transaction, or occurrence. (*Id.* ¶ 22.)

  Spimerica's diversity allegations are lacking, first, because it fails to properly plead its own citizenship. Specifically, per the amended complaint, Spimerica is a Florida limited liability company, whose sole member is SLS Investors Partners, LLC ("SLS"), a New York limited liability company. (*Id.* ¶¶11–12.) In addition, Spimerica alleges that the members of SLS, in turn, are unincorporated trusts whose trustees are citizens of the State of New York. (*Id.*

¶ 12.) However, to properly plead the citizenship of a trust, Spimerica must allege who the real party to the action is—the trustee or the beneficiaries of the trust. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980). "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id.*

In other words, it is only if the members of SLS are "traditional trusts" that they hold the citizenship of their trustees. *See Alliant Tax Credit 31 v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) ("A 'traditional trust' holds the citizenship of its *trustee*, not of its beneficiaries."). On the other hand, if the members of SLS are more akin to unincorporated business entities, it is the citizenship of their members that counts for purposes of diversity jurisdiction. *See Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381–82, 136 S. Ct. 1012, 1016 (2016) (concluding that citizenship of Maryland real estate investment trust determined by citizenship of its shareholders); *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181-82 (11th Cir. 1987) (finding entities describing themselves as trust funds and seeking to predicate diversity jurisdiction on the citizenship of the putative trustee failed to allege facts negating their existence as voluntary unincorporated associations). To determine the real nature of the trust at issue, the Court looks to the "law of the state where the trust is formed." *See Alliant Tax Credit 31*, 924 F.3d at 1143 (quoting *Wang ex rel. Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 495, 427 U.S. App. D.C. 1 (D.C. Cir. 2016)).

Here, Spimerica's allegations leave the Court unable to definitively determine whether the members of SLS are traditional trusts, who hold the citizenships of their respective trustees, or whether they take the form of some unincorporated entities. Moreover, even if the citizenship of said trusts was, in fact, dependent on that of their trustees, it is insufficient for Spimerica to generally allege that those "trustees are citizens of the State of New York." (*See* Am. Compl. ¶ 12, ECF No. 41.) Instead, Spimerica must allege the nature of those trustees and whether they are individuals or specific entities, so that the Court can properly analyze the trustees' citizenship as well.

In addition, Spimerica's diversity allegations are also lacking because it fails to properly plead the citizenships of the Defendants Palazzani Industrie, S.P.A. ("Palazzani") and Spider Atlantic Corp. ("SAC"). Per the amended complaint, Palazzani is a corporation formed under the laws of the Republic of Italy and SAC is a Florida corporation. (*See id.* ¶¶ 13–14.) However, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its *principal place of business*[.]" 28 U.S.C. § 1332(c)(1) (emphasis added); *see also*

*Serendipity at Sea, LLC v. Underwriters at Lloyd's of London*, No. 21-11733-AA, 2022 U.S. App. LEXIS 2512, at *6 (11th Cir. Jan. 26, 2022) (applying same rule for a corporation of a foreign country). The amended complaint does not allege Palazzani or SAC's principal places of business, and the allegations as to each entity's headquarters are insufficient in this regard. *See Martinez v. Netflix, Inc.*, No. 23-10895, 2023 U.S. App. LEXIS 13532, at *2 (11th Cir. June 1, 2023) ("The amended complaint alleges only that Orange is a French anonymous society headquartered in France. However, that allegation is inadequate because it does not sufficiently allege Orange's principal place of business.").

It is important for the Court to determine whether it has diversity jurisdiction over this matter because, if not, it must conduct a thorough analysis of whether it should exercise supplemental jurisdiction over Spimerica's state law claims. A district court may decline to exercise supplemental jurisdiction over state claims if they "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). "Furthermore, once a district court possesses discretion to dismiss the supplemental claims, it must be continuously mindful regarding whether or not the [relevant] factors favor dismissal." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 537 (11th Cir. 2015) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 533 (1997)); *see also Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 541 (11th Cir. 2015) (concluding that district court's decision to retain supplemental jurisdiction over the state-law claims was an abuse of discretion). In this case, eight of the amended complaint's eleven counts involve purely state law claims. (*See generally* Am. Compl., ECF No. 41.) Given that the significant majority of Spimerica's claims arise under Florida state law, it is not a foregone conclusion that the Court should retain supplemental jurisdiction in this case. If Spimerica properly alleges the Court's diversity jurisdiction, however, the issue of whether the Court should exercise supplemental jurisdiction becomes irrelevant.

Accordingly, because, based on the allegations in the complaint, the Court is unable to ascertain whether complete diversity exists, Spimerica must file an amended complaint which adequately alleges diversity federal-subject-matter jurisdiction by **October 18, 2023**. If Spimerica fails to file an amended complaint by that date or if the amended complaint fails to provide the facts necessary to establish diversity jurisdiction, this Court will undergo an analysis as to whether it should exercise supplemental jurisdiction over Spimerica's state law claims, which may result in dismissal of those claims, without prejudice.

**Done and ordered** in Miami, Florida, on October 11, 2023.

_____
Robert N. Scola, Jr.
United States District Judge