United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Spimerica Access Solutions, LLC, Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 23-23222-Civ-Scola |
| Palazzani Industrie, S.P.A. and others, Defendants. | ) ) | |

### Order Modifying Temporary Restraining Order and Setting Continued Hearing on Preliminary Injunction

  This matter is before the Court upon the Plaintiff Spimerica Access Solutions, LLC's ("Spimerica") emergency *ex parte* application for a temporary restraining order and preliminary injunction. (Emerg. Appl., ECF No. 20.) The Court previously entered an order granting Spimerica's emergency *ex parte* application for a temporary restraining order and setting a hearing on Spimerica's request for a preliminary injunction. (*See* ECF Nos. 23, 29, 36.)

  The Court held a preliminary injunction hearing on October 10, 2023, at which counsel for both Spimerica and the Defendants Palazzani Industrie, S.P.A., Spider Atlantic Corp., Davide Palazzani, Paola Palazzani, Francesco Zola, and Cristian Marchina (collectively, the "Palazzani Defendants") were present.[1] (ECF No. 49.) In advance of the hearing, the Palazzani Defendants submitted a motion to dissolve the temporary restraining order, which also functions as a response in opposition to the entry of a preliminary injunction. (ECF No. 46.) The October 10, 2023, hearing lasted approximately two and a half hours, during which the Court heard argument from both sides, as well as testimony from Vlad Sidoren, Spimerica's Manager. (*See* ECF No. 20-5.) Toward the end of the time allotted, however, it became clear that the hearing would need to be continued at a later date because the parties indicated to the Court that they wished to present testimony from potentially four additional witnesses.

  Accordingly, as set forth on the record during the October 10, 2023, hearing, the Court sets a second, follow-up hearing on Spimerica's application for a preliminary injunction to take place via **videoconference** on **November**

---

[1] Counsel for the Defendant Benjamin Lee Taft ("Taft") was also present at the hearing but only sought to observe the proceedings. (ECF No. 49.) While Spimerica initially sought injunctive relief as to Taft as well, Spimerica and Taft have since filed a stipulation withdrawing and resolving Spimerica's request for injunctive relief as to Taft individually. (ECF No. 21.)

**13, 2023**, at **8:30 a.m.** The parties are instructed to provide a list of the witnesses they expect to call during the hearing by **November 10, 2023**. Login credentials for the videoconference will follow.

In addition, now that the Court has had the opportunity to review the Palazzani Defendants' motion opposing the temporary restraining order and preliminary injunction (ECF No. 46), and with the benefit of the arguments and testimony already presented at the October 10, 2023, hearing, the Court **modifies** its prior order **granting** Spimerica's emergency *ex parte* application for a temporary restraining order (ECF No. 23), as follows:

(1) The Palazzani Defendants, and their officers, directors, employees, agents, affiliates, subsidiaries, distributors, and all persons or entities in active concert or participation with any of the Palazzani Defendants, from the date hereof, shall be prohibited and restrained from directly or indirectly:
   a. engaging in any acts that would unfairly undermine Spimerica's exclusive rights to distribute Palazzani Products as defined in the Exclusive Distribution Agreement between Palazzani and Spimerica (the "EDA") in North America;
   b. using or disseminating Spimerica's Trade Secret Information—which shall mean any information not publicly available concerning Spimerica's business, including, but not limited to, marketing and sales data, customer lists, customer leads, and/or business or operational plans—to unfairly compete with Spimerica;
   c. using or disseminating any confidential, Trade Secret Information (that Mr. Zola and others at Palazzani) obtained from the current and former employees of Spimerica, including, but not limited to, Spimerica's customer lists, marketing, sales and cost data, operational data, business plans, and sales leads; and
   d. contacting, communicating, soliciting, working, or collaborating with Spimerica's current or former employees including, but not limited to, Mr. Taft, Mr. Collins, Mr. Poulter, and Mr. Koontz, for any purpose related to their employment with Spimerica, Spimerica's business, to obtain Spimerica's Trade Secret Information, or to otherwise solicit information about Spimerica's business.

(2) This order shall go into effect immediately and remain in full force and effect **until further order of the Court**.

(3) As explained above, the Court sets a follow-up **videoconference hearing** in this matter on **November 13, 2023, at 8:30 a.m.,** at which time the Court will continue to hear argument and evidence on Spimerica's

    requested preliminary injunction. The parties are instructed to provide a list of the witnesses they expect to call during the hearing by **November 10, 2023**. Login credentials will follow.

(4) Pursuant to Fed. R. Civ. P. 65(c), on or before **October 16, 2023, at noon**, Spimerica shall post a bond of **$1,000,000.00**, as payment for damages to which the Palazzani Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court. If Spimerica fails to **file proof** with the Court that it has posted the foregoing bond by **October 16, 2023, at noon**, the temporary restraining order set forth herein will automatically expire, and the November 13, 2023, follow-up hearing will be cancelled. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

**Done and ordered**, Miami, Florida, on October 11, 2023.

Robert N. Scola, Jr.
United States District Judge