United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Spimerica Access Solutions, LLC, Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 23-23222-Civ-Scola |
| Palazzani Industrie, S.P.A. and others, Defendants. | ) ) ) | |

### Order Denying Preliminary Injunction

This matter is before the Court upon the Plaintiff Spimerica Access Solutions, LLC's ("Spimerica") emergency *ex parte* application for a temporary restraining order and preliminary injunction. (Appl., ECF No. 62.)

On September 14, 2023, the Court entered an order granting Spimerica's emergency *ex parte* application for a temporary restraining order and set a hearing on Spimerica's request for a preliminary injunction. (*See* ECF Nos. 23, 29, 36.) Due to the scope of the evidence and arguments presented, the preliminary injunction hearing was split into two days, with the first part taking place on October 10, 2023 (ECF No. 49), and the second taking place on November 13, 2023 (ECF No. 80). Counsel for Spimerica and the Defendants Palazzani Industrie, S.P.A. ("Palazzani"), Spider Atlantic Corp. ("Spider"), Davide Palazzani, Paola Palazzani, Francesco Zola, and Cristian Marchina (collectively, the "Palazzani Defendants") attended the hearing and presented evidence on both days.[1]

The Court has carefully reviewed the application, the pertinent portions of the record, and is otherwise fully advised in the premises. In addition, the Court has carefully considered the evidence and arguments presented at the preliminary injunction hearing. For the reasons set forth below, the Court **denies** Spimerica's application for a preliminary injunction. (**Appl., ECF No. 62**.)

### 1. Background

On April 28, 2021, Spimerica and Palazzani entered into an exclusive distribution agreement ("EDA") pursuant to which Spimerica became the

---

[1] Counsel for the Defendant Benjamin Lee Taft ("Taft") was also present at the hearing but only sought to observe the proceedings. (ECF No. 49.) While Spimerica initially sought injunctive relief as to Taft as well, Spimerica and Taft have since filed a stipulation withdrawing and resolving Spimerica's request for injunctive relief as to Taft individually. (ECF No. 21.)

exclusive distributor of Palazzani lift machines—complex arial lifts used in construction and other industries—throughout North America. (Compl. ¶ 1, ECF No. 1; Emerg. Appl. 2, ECF No. 20.) In short, the parties' contractual relationship soured and Spimerica instituted the instant action seeking injunctive and other relief against the Defendants. Specifically, Spimerica's complaint brings nine claims involving the Palazzani Defendants:

- tortious interference with contract against the Palazzani Defendants (Count One);
- tortious interference with contract against Spider, Paola Palazzani, Davide Palazzani, Francesco Zola, and Cristian Marchina (Count Two);
- breach of contract and the implied covenant of good faith and fair dealing against Palazzani (Count Three);
- misappropriation of trade secrets in violation of the Defend Trade Secrets Act against the Palazzani Defendants and Taft (Count Four);
- violation of the Florida Uniform Trade Secrets Act against the Palazzani Defendants and Taft (Count Five);
- breach of fiduciary duties and aiding and abetting against the Palazzani Defendants and Taft (Count Six);
- unfair competition  against the Palazzani Defendants and Taft (Count Eight);
- civil conspiracy against the Palazzani Defendants and Taft (Count Nine); and
- declaratory relief against Palazzani and Taft (Count Eleven).

(*See generally id.*)

On August 31, 2023, Spimerica filed an emergency motion for a temporary restraining order and preliminary injunction, asking the Court to enjoin the Defendants from engaging in any conduct directed at establishing the new competing business venture. (ECF Nos. 11–17.) However, the Court denied the motion upon finding it deficient for multiple reasons. Specifically, the Court explained that the motion failed to comply with the requirements of Southern District of Florida Local Rule 7.1(d)(1), and that it failed to properly address the notice requirements of Federal Rule of Civil Procedure 65.

On September 13, 2023, Spimerica renewed its request by filing the emergency *ex parte* application for a temporary restraining order and preliminary injunction that is the subject of the instant order. As noted above, on September 14, 2023, the Court granted Spimerica's application for a temporary restraining order and set a hearing on Spimerica's request for a

preliminary injunction. (*See* ECF Nos.  23, 29, 36.) On October 6, 2023, the Palazzani Defendants filed a responsive motion to dissolve the temporary restraining order and in opposition to the entry of a preliminary injunction. (Mot., ECF No. 46.)

The preliminary injunction hearing took place on October 10, 2023, (ECF No. 49) and on November 13, 2023 (ECF No. 80). At the hearing, the Court heard arguments from both sides, as well as extensive testimony from Vlad Sidoren, Spimerica's Manager, and Francesco Zola, Palazzani's Chief Operating Officer and Spider's Secretary.

### 2.  Legal Standard

A preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly" meets the burden of persuasion as to the four requisite elements. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). "Because a preliminary injunction is an extraordinary and drastic remedy, its grant is the exception rather than the rule, and the Plaintiff must clearly carry the burden of persuasion." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotations omitted). To obtain a preliminary injunction, the movant must show: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *All Care Nursing*, 887 F.2d at 1537. Ultimately, "[t]he grant or denial of a preliminary injunction is a decision within the discretion of the district court." *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp., Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997).

### 3.  Analysis

Here, the Court's analysis starts and ends with the first element of the preliminary injunction inquiry. In short, because Spimerica has not met its burden of demonstrating a substantial likelihood of success on the merits, the Court must deny its request for a preliminary injunction at this stage.

In its application, Spimerica explains that on September 11, 2023, Spimerica received a notice from Palazzani in which the latter threatened to terminate the EDA and begin selling its products directly to customers in North America, unless Spimerica confirmed in writing by September 14, 2023, that it will have staff and employees as allegedly required under the EDA. (Appl. 2–4, ECF No. 62; Cure Notice, ECF No. 62-4.) Furthermore, Palazzani's notice also

demanded that Spimerica, by September 14, 2023, confirm in writing that it will pay deposits on certain products by September 18, 2023, but then adds that

> [e]ven if Spimerica confirms that it will take delivery and pay in full for all of the machines identified [t]herein, Palazzani will deem Spimerica's failure and/or refusal to confirm [that Spimerica has the staff to sell Palazzani Products] as evidence of Spimerica's inability to perform its obligations to Palazzani under the EDA and will exercise its rights under the EDA and applicable law, including, but not limited to, termination.

(Cure Notice at 3.) Spimerica posits that, since Palazzani itself has been dismantling Spimerica's sales department by soliciting them and causing them to leave their employment, it will be nearly impossible for Spimerica to comply with Palazzani's condition. In other words, even if Spimerica pays the disputed amounts claimed by Palazzani, it will still be defaulted because it cannot possibly hire staff to replace the employees that left the company at Palazzani's prodding and solicitations.

Spimerica's application concludes by arguing that it now stands to suffer immediate and irreparable harm if the Defendants are not enjoined from terminating the EDA and using Spimerica's trade secrets to compete with Spimerica because it will lose its entire business to the Defendants and will no longer be the exclusive distributor of Palazzani products in North America. (Appl. 4, ECF No. 62.) In short, if Palazzani proceeds as threatened in its notice, then Spimerica will have lost its entire business as the exclusive distributor of Palazzani products in North America, and any goodwill among customers, and the value the customer list and pricing data once had, will be lost completely. (*Id.* at 2.)

In their responsive motion to dissolve the temporary restraining order and in opposition to the entry of a preliminary injunction, the Palazzani Defendants ague, among other things, that Spimerica's application for injunctive relief presents the Court with a one-sided, misleading account of a commercial dispute in an attempt to avoid performing under the EDA and to restrict Palazzani from exercising its contractual rights. (Mot. 2–4, ECF No. 46.) Indeed, the Palazzani Defendants are adamant that Spimerica's mismanagement of its business and various breaches of the EDA are what generated the exodus of its key employees and, ultimately, the parties' disagreements.

After carefully considering the parties' arguments and evidence presented at the preliminary injunction hearing, the Court concludes that at this stage it is impossible to say that Spimerica has a substantial likelihood of succeeding

on the merits of its claims. Mr. Sidoren and Mr. Zola's testimonies at the hearing addressed practically all aspects of the parties' dispute—from the specific timeline in which key Spimerica employees left the company to the details of Spimerica's alleged outstanding obligations under the EDA. Critically, however, Mr. Sidoren and Mr. Zola's testimonies significantly conflict on key aspects of the claims at issue, and the Court did not find one of the witnesses to be more credible than the other. In short, the principals' testimonies set out a narrative in which both sides potentially were involved in breaches of the EDA, such that neither is clearly in the right here.

As just one example, at the hearing, Spimerica focused its likelihood of success arguments on its claim for tortious interference with contract and business relations against Spider, Paola Palazzani, Davide Palazzani, Francesco Zola, and Cristian Marchina (Count Two). In that claim, Spimerica essentially alleges that these Defendants sought to bring about the end of Spimerica's contractual relationship with Palazzani by, among other things,

> contacting Spimerica's employees and former employees to obtain Confidential Information about Spimerica's operations, directing them not to disclose their communications to Spimerica, spreading false rumors to employees that Spimerica would be out of business soon, and soliciting Spimerica's employees to work for and collaborate with Paola Palazzani, Davide Palazzani, Francesco Zola, and Cristian Marchina in establishing and organizing a new distribution business in North America[.]

(Second Am. Compl. ¶ 146, ECF No. 63.) However, the Palazzani Defendants have presented evidence that many of the employees allegedly contacted by them had either already left Spimerica or had their own doubts about continuing with the company. (*See* Mot. 8–9, ECF No. 46.)

In short, given the conflicting evidence presented in support of the parties' respective positions, and in particular at the preliminary injunction hearing, the Court is not able to conclude that Spimerica has met its burden of showing a substantial likelihood of success on the merits.

### 4. Conclusion

For the foregoing reasons, the Court **denies** Spimerica's application for a preliminary injunction. (**Appl., ECF No. 62**.)

**Done and ordered** in Miami, Florida, on November 14, 2023.

Robert N. Scola, Jr.
United States District Judge